UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ORLANDO GONZALEZ,

              Petitioner,

v.                                      CASE NO. 07-15196
                                      HONORABLE DENISE PAGE HOOD

JOHN PRELESNIK and
PATRICIA L. CARUSO,

              Respondents.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION
## AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

## I. INTRODUCTION

Petitioner Orlando Gonzalez has filed a *pro se* habeas corpus petition under 28 U.S.C. §

2254. He was convicted by a jury of second-degree criminal sexual conduct, MICH. COMP. LAWS

§ 750.520c(1)(e) (sexual contact while armed), felonious assault, MICH. COMP. LAWS § 750.82,

operating a vehicle under the influence of liquor (OUIL), MICH. COMP. LAWS § 257.625(1)(a), and

driving without a license, MICH. COMP. LAWS § 257.301. The convictions arose from a sexual

assault on a woman in the parking lot of a hospital in Novi, Michigan on February 19, 2004.

Petitioner was apprehended shortly after the incident about five miles from the hospital. He was

driving without a licence and had been drinking.

The prosecutor moved to dismiss the felonious assault conviction at the sentencing. Oakland

County Circuit Judge John J. McDonald then sentenced Petitioner as a habitual offender to

imprisonment for nineteen to forty years for the criminal sexual conduct and ninety-three days in

jail for the two misdemeanor offenses of OUIL and driving without a license.

Petitioner appealed his sentence to the Michigan Court of Appeals, which remanded his case to the trial court so that he could file a motion for re-sentencing. On remand, the trial court reduced Petitioner's sentence for operating without a license to ninety days, but sentenced Petitioner to the same terms of imprisonment for the other crimes with 753 days of credit for time served. Petitioner appealed his new sentence, but the Michigan Court of Appeals affirmed the sentence in an unpublished, *per curiam* decision. *See People v. Gonzalez*, No. 269761, 2007 Mich. App. Lexis 1738 (Mich. Ct. App. July 12, 2007). On October 29, 2007, the Michigan Supreme Court denied leave to appeal. *See People v. Gonzalez*, 480 Mich. 927, 740 N.W.2d 251 (Mich. 2007).

Petitioner filed his habeas petition on December 6, 2007. His claims are:

I.      I was erroneously assessed 10 points under OV 4, which constitutes an unlawful departure from the sentencing guidelines.

II.     My sentences were unconstitutionally enhanced on the basis of unproven allegations, and without this enhancement, my original sentence exceeds the sentencing guidelines.

Respondent argues in an answer to the habeas petition that Petitioner's first claim is not cognizable on habeas review and that his second claim lacks merit.

## II.  STANDARD OF REVIEW

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

## III. DISCUSSION

### A. The Scoring of Offense Variable 4

Petitioner alleges that his sentence for criminal sexual conduct exceeded the state sentencing guidelines. More specifically, Petitioner contends that he was erroneously assessed 10 points for offense variable 4, which measures psychological injury to the victim. Petitioner asserts that he had a constitutional right to be sentenced on the basis of accurate information. Petitioner's sentencing-guidelines claim lacks merit, because "[a] state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only." *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991), and *Branan v.*

3

*Booth,* 861 F.2d 1507, 1508 (11th Cir.1988)). "[F]ederal habeas corpus relief does not lie for errors of state law . . . ." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Courts may grant the writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Furthermore, there is no merit to Petitioner's due process claim that the trial court relied on inaccurate information when scoring offense variable 4. The trial court assessed ten points, which is appropriate if "[s]erious psychological injury requiring professional treatment occurred to a victim." MICH. COMP. LAWS § 777.34(1)(a). Petitioner maintains that there was no evidence that the complainant suffered serious psychological injury requiring professional treatment. The victim, however, informed the trial court at sentencing that her pride and self-confidence had suffered as a result of the incident and that the incident had affected her entire family. She apparently arranged for counseling, but the organization that offered the counseling lost its funding and she could not afford to continue with the program.

Petitioner was not sentenced on the basis of "extensively and materially false" information, which he had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Consequently, his due process claim has no merit.

### B. The Information Used to Score Offense Variables 4 and 13

Petitioner contends that the trial court relied on unproven allegations to score offense variables 4 and 13. This claim is based on *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and on *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

4

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. And in *Blakely,* the Supreme Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303 (emphasis in original).

Petitioner's reliance on *Blakely* is misplaced, because a majority of the Supreme Court indicated in *Blakely* that its decision applies only to determinate sentencing systems. *See id.* at 308-09 (explaining that indeterminate sentences do not infringe on the jury's province). Michigan has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. *People v. Harper*, 479 Mich. 599, 612-13, 739 N.W.2d 523, 531-32 (2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1444 (2008); *People v. Claypool*, 470 Mich. 715, 730 n.14, 684 N.W.2d 278, 286 n.14 (2004). Therefore, Petitioner's sentence did not implicate *Blakely*.

## IV. CONCLUSION

The state appellate court's conclusions that the trial court did not abuse its discretion in scoring offense variable 4 and that Petitioner's *Blakely* claim lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Therefore, Petitioner's application for the writ of habeas corpus is **DENIED**. The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Orlando Gonzalez, Reg. No. 526484, Hanlon Correctional Facility, 1728 Bluewater Hwy., Ionia, 48846 on September 9, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager